UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FLOYD JOHNSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-2445-CEJ |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff is an inmate at the Potosi Correctional Center. On March 22, 2011, he was granted leave to proceed in forma pauperis in this action [Doc. #39]. Plaintiff has This matter is before the Court upon the filing of plaintiff's amended complaint [Doc. #7].

Having reviewed the amended complaint, the Court finds that it does not comply with Rules 8 or 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for the relief sought." Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires that " [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[1]

---

[1] Even pro se litigants are obligated to plead specific facts and must abide by the Federal Rules of Civil Procedure. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000).

Plaintiff's amended complaint is long and rambling; it does not contain a short and plain statement of his claim(s). Additionally, the allegations are not simple, concise, or direct. Because the manner in which the amended complaint is drafted makes it difficult to review and because plaintiff is pro se, the Court will give him the opportunity to file a second amended complaint on a Court-provided form, as set forth below. Plaintiff is advised that the filing of a second amended complaint will supersede both the original and first amended complaints and will be the only complaint this Court reviews. See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall have until **May 16, 2011**, to file a second amended complaint using the form provided by the Court. In the "Caption" section of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim" section, he shall set forth the specific factual allegations supporting his claim against each defendant, as well as the specific rights that he claims the defendant violated.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff the form for use by a prisoner to file a civil rights complaint under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's failure to submit a second amended complaint that comports with this Order will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the second amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28

U.S.C. § 1915(e).  Plaintiff is advised that the Court will consider only the second amended complaint when reviewing this action under § 1915(e).

Dated this 13th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE