# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FLOYD JOHNSON-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10-CV-2445-CEJ |
| | ) |
| TROY STEELE, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's second amended complaint [Doc. #59]. See 28 U.S.C. § 1915(e)(2)(B).

Pursuant to § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of

truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950-52. Moreover, the Court must give the complaint the benefit of a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), and weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## The Second Amended Complaint

Plaintiff, an inmate at the Potosi Correctional Center (PCC), seeks monetary, declaratory, and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983.

In addition, he asserts pendent state-law claims for fraud and "reckless misconduct." Plaintiff requests class action status on behalf of himself and all others similarly situated. The named defendants are Washington County and twenty-nine employees of the Missouri Department of Corrections ("MDOC"), to wit: Troy Steele (Warden, PCC), George A. Lombardi (Director, MDOC), Steve Long (Director, Division of Probation and Parole), Mariann Atwell (Director, Division of Offender Rehabilitative Service), Tom Clements (Director, Division of Adult Institutions), Douglas A. Worsham (Supervisor, Religious Spiritual Programming), Michael J. Lundy (Assistant Warden, PCC), Ian Wallace (Deputy Warden), Gregory Dunn (Chief of Security), Terry White (Shift Commander), Daniel Blair (Lieutenant), Richard Manteer (Sergeant, Gang Task Force), Daniel Hurt (Correctional Officer), Brian Hall (Correctional Officer), Keith Young (Manager, Inmate Canteen), Jody Glore (Recreation Employee), Tim Friend (Recreation Employee), Cindy Griffith (Functional Unit Manager), M. Poory (Mailroom Employee), D. Rhives (Mailroom Employee), Timothy Lancaster (Investigator), Gwen Botkin (Librarian), Herbert Conley (Chaplain), Lisa Spain (Director of Nursing), Steve Gifford (Inmate Activity Coordinator), Danny Berry (Financial Manager), Jerry Cartrette (Caseworker Assistant), Larry Burchum (Food Service Manager), and Donna Freeman (Assistant Food Service Manager).

Plaintiff alleges that (1) "defendants do not afford all prisoners . . . an opportunity to exercise religious freedom"; (2) "the medical care and routine health at the prison are, when available at all, inadequate"; (3) "defendants do not provide adequate preventive and diagnostic medical services to prisoners upon admission to the prison"; (4) "[a]ll prisoners already in the prison are unnecessarily exposed to dangerous medical, psychiatric and/or contagious conditions"; (5) "defendants at times arbitrarily seize medications and/or drugs from prisoners"; (6) prisoners "often receive inappropriate dosages of . . . medication"; (7) "medication is usually distributed to prisoners at hours convenient to the defendants"; (8) "[n]ursing personnel are engaged in the unauthorized practice of medicine"; (9) he is being denied access to the law library, as well as due process in disciplinary classification proceedings; (10) defendants Poory and Rhives "prohibit prisoners from receiving through the mail from visitors newspapers [and other reading materials]"; (11) defendants "perpetuate conditions and practices . . . deleterious to the physical and mental well-being of the prisoners"; (12) "prisoners who are signed up to receive a certified religious diet do not receive the full benefit of kosher . . . meals"; (13) there is "frequent and arbitrary infliction of physical brutality by officers in the institution"; and (14) defendants "fail to provide the funds for adequate diet."

Upon review of the 40-page second amended complaint, the Court finds that plaintiff has once again failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The allegations are not simple, concise, or direct, and the paragraphs are not all numbered or limited to a single set of circumstances. Despite plaintiff's non-compliance, however, the Court will not instruct him to amend the complaint, because, as explained below, it is clear that plaintiff has not met the prerequisites for class certification, and the allegations are legally frivolous and fail to state a cognizable claim or cause of action.

**A. Class certification**

Plaintiff claims to be the representative of a class consisting of over fifty members of the Moorish Science Temple of America. He seeks class certification pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

"To certify a class, a district court must find that each requirement of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation) is satisfied as well as one subsection of Rule 23(b). 'Failure to meet any of the rule's requirements precludes class certification.'" Harper v. Sheriff of Cook Co., 581 F.3d 511, 513 (7th Cir. 2009) (quoting Arreola v. Godinez, 546 F.3d 788, 794 (7th Cir.

2008)). Having carefully reviewed plaintiff's second amended complaint, the Court concludes that he has failed to satisfy any of the conditions set forth in Rule 23, and thus, this action is not an appropriate case for class disposition. In particular, the Court notes that plaintiff's allegations pertain to PCC prisoners in general, rather than to the class he is attempting to certify, this case does not present questions of law or fact common to a certifiable class, and plaintiff cannot fairly and adequately protect the interests of a certifiable class. See also 28 U.S.C. § 1654; 7A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 1769.1 (class representatives cannot appear pro se).

### B. The merits

Plaintiff brings this action against the MDOC individual defendants in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. Furthermore, to state a claim against a municipality,

such as Washington County, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The second amended complaint does not contain any non-conclusory allegations that a policy or custom of Washington County was responsible for the alleged violations of plaintiff's constitutional rights.[1] As a result, the complaint is legally frivolous as to all defendants and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court notes that "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not set forth any facts indicating that defendants were directly involved in or personally responsible for the violation of his constitutional rights.

---

[1] Plaintiff alleges no facts as to official policy or custom. His bald statement that "the supervisor created a policy or custom allowing or encouraging the illegal acts" is wholly conclusory and does not support a claim for relief under § 1983. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-51 (2009).

Moreover, most of his conclusory allegations are asserted against all of the defendants as a group, even though some of the claims could not possibly be applicable to all defendants. For example, it is unlikely that the mailroom employees would be responsible for the alleged inadequacy of medical care, or that the recreation employees would be responsible for the "frequent and arbitrary infliction of physical brutality by officers in the institution," or that the chaplain would be responsible for failing to provide funds for an adequate diet.

Furthermore, plaintiff's claim that he was denied access to the law library, and hence, access to the courts is legally frivolous, because he has alleged no facts indicating that he was prejudiced. See Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991); Grady v. Wilken, 735 F.2d 303, 306 (8th Cir. 1984). His conclusory claim that he was denied due process in disciplinary proceedings is also legally frivolous. For the due process clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's allegations simply do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. For these reasons, the Court will dismiss plaintiff's § 1983 claims pursuant to § 1915(e)(2)(B).

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims should be dismissed, as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for class certification is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as Floyd Johnson-Bey v. Troy Steele, George A. Lombardi, Steve Long, Mariann Atwell, Tom Clements, Douglas A. Worsham, Michael J. Lundy, Ian Wallace, Gregory Dunn, Terry White, Daniel Blair, Richard Manteer, Daniel Hurt, Brian Hall, Keith Young, Jody Glore, Tim Friend, Cindy Griffith, M. Poory, D. Rhives, Timothy Lancaster, Gwen Botkin, Herbert Conley, Lisa Spain, Steve Gifford, Danny Berry, Jerry Cortrette, Larry Burchum, Donna Freeman, and Washington County. The Clerk

shall delete from the docket sheet "W. Weaver-Bey," who is erroneously listed as a party-plaintiff.[2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue in this action, because the second amended complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [Doc. #59, pages 38-40], motion to appoint counsel [Doc. #56] and motion for preliminary injunction [Doc. #63] are **denied as moot**.

Dated this 28th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Although plaintiff Floyd Johnson-Bey submitted a "Declaration" on May 9, 2011, that is signed by W. Weaver-Bey [Doc. #43], W. Weaver-Bey is not named as a party-plaintiff in the complaint, amended complaint, or second amended complaint, nor did he sign any of the pleadings.